

# Board of Education of the City of Chicago
# Law Department

Joseph Moriarty  
General Counsel

1 North Dearborn Street, Suite 900  
Chicago, IL 60602  
Telephone: (773) 553-1700  
Fax: (773) 553-1701

September 5, 2019

**Via E-Mail**

Gina Cecconi  
Litigation Specialist  
Kamm Insurance Group, Inc.  
gcecconi@kammgroup.com

Samuel Finkelstein  
Legal Prep Charter Academics  
4319 W. Washington Blvd  
Chicago, IL 60624  
sfinkelstein@legalprep.org

RE: Notice of Claim, Tender of Defense and Request to Indemnify and Hold Harmless the Board of Education of the City of Chicago in *Chamika Walker, as a parent and next of friend of Z.R., a minor, vs. Board of Education of the City of Chicago, et al.*, Case No. 19-CV-4115, in the United States District Court for the Northern District of Illinois, Eastern Division; Date of Incident: August 2017 to November 2018; Agreement Reference: Renewal of Charter and Charter School Agreement, First Amendment to Agreement.

Dear Ms. Cecconi and Mr. Finkelstein:

I represent the Board of Education of the City of Chicago (the "Board") in the above-referenced case, which involves an alleged ongoing sexual assault from August 2017 through November 2018 incident (the "Incident") resulting in injury to a student ("Z.R."). As the attached Complaint reflects, the Incident occurred while Z.R. attended Legal Prep Charter Academy, a school operated by Legal Prep Charter Academics, Inc. (collectively, "Legal Prep"). It is alleged that between August 2017 and November 2018, the basketball coach at Legal prep, Jamel Helaire-Jones, sexually abused student Z.R. It is alleged that this conduct occurred on the property of Legal Prep.

The Board and Legal Prep entered into a Renewal of Charter and Charter School Agreement dated July 1, 2017 (the "Agreement"). A copy of the Agreement is attached as Exhibit 1. Additionally, Legal Prep has insurance as required under the Agreement. A copy of the insurance certificate is attached as Exhibit 2.

In accordance with Paragraph 14.a. of the Agreement, Legal Prep owes a duty to defend, indemnify and hold the Board harmless from the allegations in this lawsuit. In addition, in accordance

Gina Cecconi and Samuel Finkelstein
September 5, 2019
Page 2

with Paragraph 9 of the Agreement, Legal Prep is required to purchase and maintain insurance covering all of its operations as set forth in Exhibit 1, Insurance Requirements, of the Agreement. In accordance with Exhibit 1, paragraph 1.b., Legal Prep must maintain Commercial General Liability Insurance that names the Board as an additional insured on a primary, non-contributory basis for any liability arising directly and indirectly from services. According to the attached Certificate of Insurance, Legal Prep has purchased Commercial General Liability Insurance from Kamm Insurance Group, Inc. ("Kamm").

The Board asks that Legal Prep and Kamm promptly acknowledge and accept the Board's tender of defense and that Legal Prep indemnify and hold harmless the Board without reservation from the allegations made in the Compliant in compliance with Paragraphs 9, 14, and 15 of the Agreement. Legal Prep and Kamm are obliged to accept tender of defense and to indemnify and hold the Board harmless because the allegations of the Complaint place the conduct squarely within the provision of services performed by Legal Prep under the Agreement. Specifically, the Agreement provides in relevant part:

- Agreement ¶9, <u>Insurance.</u> The Charter School shall, at its own expense, purchase and maintain insurance covering all of its operations … the Charter School shall provide the Board with certificates of insurance or other satisfactory proof evidencing coverage in the types and amounts set for in <u>Exhibit 1</u>.

- Agreement <u>Exhibit 1</u>, ¶1.b., <u>Commercial General Liability Insurance</u>: Commercial General Liability Insurance or equivalent with limits of not less than One Million and 00/100 Dollars ($1,000,000.00) per occurrence, and Two Million and 00/100 Dollars ($2,000,000.00) in the aggregate, combined single limit for bodily injury, personal injury and property damage liability coverage shall include the following: all premises and operations, products/completed operations (for a minimum of two (2) years following completion), independent contractors, separation of insureds, defense and contractual liability. Any aggregate limit must apply per Attendance Center and must be unimpaired. Policy shall not exclude corporal punishment coverage. The Board shall be named as an additional insured on a primary, non-contributory basis for any liability arising directly or indirectly from services.

- Agreement <u>Exhibit 1</u>, ¶1.d., <u>Sexual Abuse & Molestation</u>: Sexual Abuse & Molestation Insurance with limits of not less than One Million and 00/100 Dollars ($1,000,000.00) per claim and Two Million and 00/100 Dollars ($2,000,000.00) in the aggregate. If coverage is claims-made, the policy shall have a retroactive date effective upon the Effective Date of the Agreement and have extended reporting period of not less than two (2) years following completion of the Agreement. Any retroactive date or prior acts exclusion must predate both the Effective Date of this Agreement and any earlier commencement of services.

- Agreement <u>Exhibit 1</u>, ¶2, <u>Additional Insured.</u> The Charter School shall have its general liability insurance and automobile liability insurance policies endorsed to provide that the Board of Education of the City of Chicago, a body politic and corporate, and its members, employees, officers, officials and agents, and any other entity as may be designated by the Board are named as additional insured on a primary basis without recourse or right of contribution from the Board.

Gina Cecconi and Samuel Finkelstein
September 5, 2019
Page 3

- Agreement <u>Exhibit 1</u>, ¶3, <u>Insurance Certificate.</u> The Charter School, its insurance company, or its insurance company representative shall submit an insurance certificate to the Board evidencing all coverage as required hereunder and indicating the Additional Insured status as required above.

- Agreement ¶15. <u>Disclaimer of Liability</u>. The parties expressly acknowledge that the Charter School is not operating as the agent, or under the direction and control, of the Board except as required by law or this Agreement, and that the Board assumes no liability for any loss or injury resulting from: (i) the acts and omissions of the Charter School, its directors, trustees, agents, subcontractors or employees; (ii) the use an occupancy of the building or buildings occupied by the Charter School, or any matter in connection with the condition of such building or buildings; or (iii) any debt or contractual obligation incurred by the Charter School. The Charter School acknowledges that it is without authority to, and will not, extend the faith and credit of the Board of the Chicago Public Schools to any third party.

- Agreement ¶14.a., <u>Indemnification</u>. To the fullest extent permitted by law, the Charter School shall indemnify, defend and hold harmless the Board, its members, officers, employees, agents, affiliates and representatives, past and present, (collectively, the "Board Indemnitees"), from and against any and all liabilities, losses, penalties, damages and expenses, including costs and attorney fees, arising out of all claims, liens, demands, suits, liabilities, injuries (personal or bodily), of every kind, nature and character arising or resulting from or occasioned by or in connections with (i) the possession, occupancy or use of the property of the Charter School by its faculty, students, patrons, employees, guests or agents, (ii) any negligent, willful or wrongful act or omission to act by the Charter School, its faculty, students, patrons, employees, guests or agents, (iii) a violation of any law, statute, code, ordinance or regulation by the Charter School, its faculty, students, patrons, employees, subcontractors, guests or agents, and/or (iv) any breach, default, violation or nonperformance by the Charter School of any term, covenant, condition, duty or obligation provided in this Agreement including, but not limited to, the Accountability Plan.

As such, under the terms on the agreement, Legal Prep is responsible to indemnify and pay for all costs of the Board in this lawsuit. The language of paragraph 14 makes it clear that the Charter School must indemnify and hold the Board harmless from "any and all liabilities … arising out of all claims … resulting from … the possession, occupancy or use of the property of the Charter School by its faculty, students, patrons employees, guests or agents." Paragraph 14 goes onto state that "willful or wrongful acts" by its employees are also covered. Here, it is abundantly clear that the Legal Prep has an obligation to identify the Board where the conduct alleged in the complaint occurred at the Legal Prep by a Legal Prep employee. It is alleged that a student was abused by a coach. The plan language of the agreement applies to this situation. Paragraph 15 further states that "the Board assumes no liability from any loss or injury resulting from…the acts and omissions of its … employees." Additionally, the Board advised Legal Prep that Jamel Helaire-Jones did not pass his background check. Under paragraph 6, section n, the agreement clearly states that the Board reserves its right to withhold funds to the Charter School for a material violation of the agreement. Pursuant to the agreement, the Board requests that Legal Prep indemnify the Board in this lawsuit.

Gina Cecconi and Samuel Finkelstein
September 5, 2019
Page 4

  Finally, Paragraph 26 of the Agreement requires Legal Prep to preserve all records relating to the services provided under the Agreement, including correspondence, emails, receipts, vouchers, memoranda and other data, regardless of the type and regardless of whether such items are in written form, electronic, digital or in any other form. The Board has not yet received discovery requests in this case and therefore cannot anticipate what documents Plaintiff may request and/or the Board may require. We therefore request that you preserve all documents and information relating to Z.R. and/or the Incident in accordance with Section 26 of the Agreement and place a litigation hold on all e-mail accounts in Legal Prep's possession, custody or control for individuals with relevant information concerning Z.R. and/or the Incident, including but not limited to those of Jamel Helaire-Jones, Katie-Jo Ramirez, Taylor Brand, Sam Finkelstein, Rather Stanton. Please preserve any relevant video, audio or other records pursuant to Section 26 of the Agreement, whether in hard copy or electronic format, which relate to Z.R. and/or the Incident. If Legal Prep is not the custodian of any of the above-requested records, or if any other responsive information is controlled by any other entity, please advise me and provide contact information for that person or entity.

  Please note the Board has filed an appearance. **The Board's current answer/response deadline is August 19, 2019, and an initial Court status is set for August 27, 2019, at 11:00 a.m. before Judge Joan Lefkow.** Please inform me as soon as possible of your decision regarding the tender so I can ensure the Board timely responds to the Complaint.

  Thank you in advance for your assistance. I look forward to speaking with you about this matter.

        Sincerely,

        */s Susan Best*

        Susan Best
        Assistant Deputy General Counsel
        Board of Education of the City of Chicago
        Law Department, 1 North Dearborn, Suite 900
        Chicago, IL 60602
        773.553.1691
        sjbest@cps.edu

SJB:kk
Enclosures

cc: John J. Moroney, IV via email. john.moroney@francomoroney.com (w/encl.)
   Randall W. Slade via email, randall.slade@francomoroney.com (w/encl.)
   Elizabeth Casey via email, elizabeth.casey@francomoroney.com (w/encl.)
   Kathryn Kohls via email, kejohnson22@cps.edu (w/encl.)