IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHIMIKA WALKER, AS PARENT AND NEXT OF FRIEND OF Z.R., A MINOR | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:19-cv-4115 |
| v. | ) ) | The Honorable John Robert Blakey |
| Board of Education of the City of Chicago, Legal Prep Charter Academics and Jamel M. Helaire-Jones | ) ) ) ) | Magistrate Judge Sheila Finnegan |
| Defendants. | ) | |

**BOARD'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Board of Education of the City of Chicago ("Board"), by and through its attorneys, Kathryn E. Kohls and Susan J. Best, for its reply in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) states as follows:

**INTRODUCTION**

Nothing in Plaintiff's Response to the Board's Motion to Dismiss changes the deficiencies in her complaint warranting dismissal. First, Plaintiff's Title IX, Due Process Violation—Deliberative Indifference, and Due Process Violation-"State Created Danger" claims are not supported by facts but instead rely on legal conclusions, conclusory assertions and simply recite the elements of the claims. In addition, Plaintiff's state law claim for willful and wanton conduct fails because it is barred under the Local Government and Government Employees Tort Immunity Act, 745 ILCS 10/1 et. seq., ("Tort Immunity Act" or "Act") and is not supported by facts that rise to the level of willful and wanton conduct. As such, this Court should dismiss Plaintiff's claims against the Board in their entirety.

1

## I. PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE IX.

### A. Plaintiff fails to plead facts to support a Board official with authority to institute corrective measures on the Board's behalf had actual notice of Helaire-Jones' alleged misconduct.

Plaintiff argues that the complaint is sufficient because "Plaintiff alleged actual notice against Legal Prep where she alleged Legal Prep, through its administrators, failed to take corrective measures to stop harm against Z.R. despite its knowledge of Helaire-Jones' misconduct while in a position of authority to institute such corrective measures to stop this conduct." Plaintiff's Brief, ECF No. 39 at 4. However, as stated in the Board's opening brief, this conclusory statement is not supported by facts. Conclusory claims do not survive motions to dismiss. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018). Furthermore, this argument ignores the fact that the Board and Legal Prep are separate legal entities. There is no allegation that anyone at the Board specifically had notice of Helaire-Jones' alleged misconduct. Thus, Plaintiff has failed to plead facts that *the Board* actually had any notice of Helaire-Jones' alleged misconduct. As such, Plaintiff's Title IX claim should be dismissed for failure to state a claim.

### B. Plaintiff fails to plead facts to support a Board official with authority to institute corrective measures on the Board's behalf was deliberately indifferent to Helaire-Jones' misconduct.

Plaintiff does not address the Board's arguments. Plaintiff merely states that the Board was deliberately indifferent because "Plaintiff alleged actual notice against Legal Prep where she alleged Legal Prep, through its administrators, failed to take corrective measures to stop harm against Z.R. despite its knowledge of Helaire-Jones' misconduct while in a position of authority to institute such corrective measures to stop this conduct." ECF No. 39 at 4. Plaintiff does not address the Board's arguments that Plaintiff failed to allege the Board knew of Helaire-Jones' prior arrests and hired Helaire-Jones anyway. ECF No. 1. Plaintiff also does not address the Board's argument that the

complaint provides no context as to what actions the Board took in response to the allegation and how the Board's actions were insufficient. There is nothing in the Plaintiff's complaint that alleges the Board made an official decision not to remedy Z.R.'s complaint. As such, the Plaintiff has failed to plead facts sufficient to plausibly suggest that the Board acted with deliberative indifference, and Plaintiff's Title XI complaint must be dismissed for failure to state a claim.

### C. Plaintiff failed to plead facts that she was denied any benefits of the Board's services, programs, or activities as a result of the alleged sexual misconduct.

Plaintiff must allege facts to support that the sexual misconduct was "so severe, pervasive, and objectively offensive" that it deprived her of access to educational opportunities. *Doe v. Galster*, 768 F.3d 611, 613 (7th Cir. 2014). Plaintiff has failed to do so. Plaintiff does not allege that she was deprived of educational opportunities in her complaint. ECF No. 1, ¶¶43-54. Plaintiff merely plead she was harmed. Plaintiff contends that sexual misconduct perpetrated by a teacher inherently harms a student and there does not need to be more plead. Plaintiff believes that she does not have to plead any facts to support the harassment was severe, pervasive, and objectively offensive because her legal conclusion suffices. ECF No. 39 at 3.

Plaintiff cites to *Doe I* to support her argument. *Id.* This case is distinguishable from the facts at bar. In *Doe I v. Bd. Of Educ. of City of Chicago*, the plaintiff pled facts to allow the court to make a reasonable inference that the alleged sexual harassment was severe and pervasive. *See* 364 F. Supp. 3d 849 (N.D.Ill 2019) (The allegations that the defendant's misconduct made the plaintiff I feel "very nervous," "scared," "disgusted," "weird," uncomfortable" and "intimated" while at school and caused her to experience "mental anguish, humiliation, and emotional and physical distress" and that the defendant's misconduct made the plaintiff II feel "angry and uncomfortable" while at school and caused her to transfer to another high school outside the school district sufficiently allege facts to

3

give rise to a reasonable inference that the defendant's misconduct was severe and pervasive to alter the conditions of education). That is not the case here.

Under the current pleading standard Plaintiff's claims must comply with Rule 8 of plainly and concisely stating their claim, but it also must provide factual allegations that are more than speculative. As *Twombly* stated, "the need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Plaintiff's Title IX claim contains no factual allegation from which this Court could fairly make a reasonable inference that the alleged sexual harassment was severe, pervasive, and objectively offensive. Plaintiff's allegation that the alleged sexual harassment was severe, pervasive, and objectively offensive is nothing more than a "mere label" or legal conclusion that is entitled to no weight by this Court. *Id.* at 11-12 (citing Ashcroft v. *Iqbal*, 556 U.S. 662, 678 (2009)). Accordingly, Plaintiff failed to state a claim under Title IX, and Count I must be dismissed.

## II. Plaintiff fails to sufficiently plead that the Board was deliberately indifferent.

Plaintiff argues that the Board was deliberately indifferent when Legal Prep hired Helaire-Jones. Plaintiff attempts to make this argument by stating that the Board had a widespread practice to allow adult employees to engage in sexual conduct with students. ECF No. 39 at 5. Plaintiff attempts to convert a single hiring decision into a widespread problem. Plaintiff's argument is unpersuasive in light of *Board of County Commissioners of Bryan County., Okl. v. Brown,* 520 U.S. 397 (1997). Plaintiff did not make any arguments to distinguish this case which standards were also used in Title IX claims. *See Davis v. Monroe Cty. Bd. of Ed.*, 526 U.S. 629 (1999). In *Bryan County,* the Supreme Court held that a single hiring decision could not rise to the level of deliberate indifference.

*Id.* at 401. As argued in our opening brief, Plaintiff has failed to allege any facts to support that the single act of hiring Helaire-Jones was made with a conscious disregard for the safety of students, i.e. deliberate indifference.

Additionally, Plaintiff fails to plead that the Board knew of Helaire-Jones' background and disregarded it. Plaintiff's allegations are more akin to negligence than deliberative indifference. Plaintiff relies on the report entitled "Preventing and Responding to Sexual Misconduct against Student [sic] in Chicago Public Schools" to support his argument that the Board consciously disregarded Z.R.'s rights. ECF No. 39 at 5. However, there are no facts *in this case* that plausibly suggest that the deficiencies cited in the Report played any role in the alleged Title IX violations experienced by Plaintiff. There is no evidence that the Board played any role in the hiring or firing decisions made with respect to Helaire-Jones. There are no facts that establish the Board knew of Helaire-Jones' arrest record and told Legal Prep to hire him anyway. There is no allegation that the Board did not immediately remove Helaire-Jones from the school once it learned of the allegations of misconduct. And there is no allegation that the Board did not immediately take action once the Board learned of misconduct, or that the Board allowed the sexual abuse to continue, or occur. There is nothing to suggest that the Board acted with deliberate indifference toward Z.R. in this case.

As such, the Plaintiff has failed to plead facts that support her claim that the Board acted deliberately indifferent toward Z.R. when Legal Prep hired Helaire-Jones. Plaintiff fails to provide factual allegations that are more than labels and conclusions and a "formulaic recitation" of the elements. *Twombly*, 550 U.S. at 545. Accordingly, this Court must dismiss Count II of the complaint.

**III. Plaintiff fails to plead a state-created danger claim.**

Plaintiff argues that she sufficiently plead a state-created danger claim by alleging that the Board's alleged failure to conduct adequate background checks "shocks the conscience." ECF No. 39 at 8. Plaintiff further alleges that the Board's systematic failure to conduct adequate background checks made Z.R. more vulnerable and subject to abuse by Helaire-Jones. ECF No. 39 at 7. However, Plaintiff fails to distinguish the Seventh Circuit case *Waubanascum v. Shawano County,* 416 F.3d 658 (7th Cir. 2005)*,* which held that that Shawano County's behavior did not shock the conscience where it performed an inadequate background check of a foster parent applicant. *Id.* at 667-668. Here, similarly, Plaintiff has not adequately plead that the Board's alleged failures, even if true, were more than mere negligence. There is no allegations that the Board knew, or suspected that Helaire-Jones had a criminal background, and that the Board then hired him anyway.

Plaintiff further argues that *A.M.C. v. Sch. Dist. of La Crosse*, 2018 U.S. Dist. Lexis 167068 (W.D.Wisc. 2018) is distinguishable from the facts at bar. ECF No. 39 at 7. Plaintiff argues that the Board's hiring practices encouraged Helaire-Jones that he would not be arrested, punished, or interfered with while "preying on students." ECF No. 39 at 7. Plaintiff is alleging that the Board did more than just fail to adequately conduct a background check. However, even taking Plaintiff's complaint as true, there is nothing in the complaint to suggest that the Board's alleged hiring practices caused Helaire-Jones to think that he would not be arrested, or punished for maltreatment of students. There is no allegation in the complaint that the Board did nothing once it learned about Helaire-Jones' alleged mistreatment of students.

Plaintiff cites to two cases outside of this court's jurisdiction that are not controlling authority to support her assertion that the Board encouraged Helaire-Jones' behavior. ECF No. 39 at 7. Both cases *Lopez* and *Pena* are distinguishable. *Lopez v. City of New York*, 186 F. Supp. 3d 304 (S.D.N.Y. 2016); *Pena v. DePrisco,* 432 F.3d 98 (2d Cir. 2005). Both cases dealt with police officers

6

repeatedly failing to arrest/punish a criminal, and therefore, increasing the danger for a victim. Here, there is no allegation that the Board knew of Helaire-Jones behavior and did nothing to prevent it. The Board did not do anything that turned a potential danger into an actual danger. As alleged, the Board merely did not take an action. Since the Board did not take any affirmative steps that increased Z.R.'s risk to sexual assault, Plaintiff's claim for state created danger must be dismissed.

In sum, Plaintiff failed to sufficiently plead a state-created danger claim. The Board's alleged inactions do not shock the conscience. At most the Board's alleged failure to conduct an adequate background check was negligent, and as discussed in *Waubanascum* this failure does not "shock the conscience." Further, the Board did not take any affirmative steps, or actions that increased, or created the danger of harm to Z.R. Therefore, Plaintiff's state-created danger claim (Count III) must be dismissed.

### IV. Plaintiff's Willful and Wanton claim fails is barred by the Tort Immunity Act

Plaintiff argues that her Willful and Wanton claim is not barred by the Tort Immunity Act. Plaintiff argues that the tort immunity act defense is premature; however, a court may dismiss a claim on a 12(b)(6) motion if the pleading states facts that leads to the conclusion that an immunity applies, as Plaintiff has done here. ECF No. 39 at 8; *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). Where the facts alleged, or those subject to judicial notice, establish an affirmative defense, or otherwise undermine plaintiff's claims, the court may grant a motion to dismiss. As observed by Judge Posner in *Jackson v. Marion County*: "[a]llegations in a complaint are binding admissions, and admissions can of course admit the admitter to the exit from the federal courthouse." *Jackson v. Marion County*, 66 F.3d 151, 153-4 (7th Cir. 1995). A plaintiff does not need to plead facts to overcome an affirmative defense, but a court does not need to ignore factual allegations that establish such a defense. *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir.

1993); *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006). In *Jones v. Bock*, the United States Supreme Court stated that "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). On its face, the facts in the Plaintiff's Willful and Wanton claim conclusively establishes that the Board is immune. The Plaintiff has pled herself out of this claim. Here, based on the pleadings, the Board is immune under several sections of the Tort Immunity Act, and there can be no question that Plaintiff's claims do not survive a motion to dismiss. *See* 745 ILCS 10/4-102, 3-108, 2-103, 2-205.

### A. Sections 2-205 and 2-103 immunize the Board against this claim.

Plaintiff first argues that the complaint does not allege the Board failed to enforce a law, but rather failed to abide by a policy, and that therefore, the Board is not immune under Sections 2-205, or 2-103. ECF No. 39 at 9. Plaintiff further argues that the Board failed to cite to any authority for its assertion that its rules and policies have the force of law. ECF No. 39 at 9. The Board did not fail to cite to authority for its assertion that that its rules and policies have the force of law within the meaning of the Act. Section 1-205 of the Act defines "law" to include "enactments." Section 1-203 states that "[e]nactment means a constitutional provision, statute, ordinance or regulation." Section 1-208 defines "regulation" to include rules, regulations, orders and standards "having the force of law." Because the Board's policies and rules are generally adopted as part of business conducted at its regularly scheduled meetings, they have "the force of ordinances." *See* 105 ILCS 5/34-19 (the Board must "establish by-laws, rules and regulations, which shall have the force of ordinances, for the proper maintenance of a uniform system of discipline for both employees and pupils, and for the entire management of the schools…."). Thus Plaintiff's argument that the Board failed to cite to its assertions is without merit.

Plaintiff further argues that Sections 2-103 and 2-105 of the Act do not apply because the complaint does not identify any Board policies it failed to enforce. However, in Plaintiff's complaint, Plaintiff alleges that the Board enacted a new rule to "run new and current background checks on all CPS employees" and that the Board knew or should have known that Helaire-Jones possessed a criminal background. ECF No. 1, ¶34-35. Plaintiff essentially is alleging the Board failed to adhere to its own policy and therefore Sections 2-103 and 2-205 of the Act must apply. As such, the Board is immune to this claim and Count VI must be dismissed.

### B. Section 4-102 immunizes the Board against this claim

Plaintiff next argues that Section 4-102 does not apply because the complaint does not allege that the Board failed to provide police services to Z.R. ECF No. 39 at 10-11. Plaintiff argues that the complaint instead alleges that the Board failed to direct, instruct, supervise, monitor and train its employees on student safety and abuse, and therefore, Z.R. was abused. ECF No. 39 at 11. However, the crux of Plaintiff's claim is that the Board failed to prevent a crime: the alleged sexual assault perpetrated by Helaire-Jones against Z.R. Furthermore, Plaintiff alleges that the Board failed to adequately conduct a background check. A background check is something that could be considered a police service. *See generally Lawson v. City of Chicago*, 278 Ill. App. 3d 628 (1996) (board's failure to use a school's metal detectors daily); *Hernandez v. Kirksey*, 306 Ill. App. 3d 912 (1999) (city-employed school crossing guard instructed a child to cross the street into the path of oncoming traffic); *Goebig v. City of Chicago*, 188 Ill. App. 3d 614 (1989) (city-employed school crossing guard absent from usual post, thus permitting student to cross unguarded intersection); *Cadena v. Chicago Fireworks Manufacturing Co.*, 297 Ill. App. 3d 945 (1998) (city personnel improperly directing spectators at a fireworks display to stand in harm's way); and *Burley v. On The Waterfront, Inc.*, 228 Ill. App. 3d 412 (1992) (city failed to provide adequate lighting and security at a public festival). All of

these cases discuss instances where agencies did not have a police service *per se,* but the services provided generally could be performed by police personnel and therefore, 4-102 applied. Similarly, background checks are often performed by police personnel. As such, 4-102 should apply and the willful wanton claim should be dismissed.

Additionally, the case *A.R. v Chi Bd. Of Educ.* is analogous to the case at bar. In *A.R.*, the plaintiff sought recovery from the Board for negligence for its failure to prevent or intercede in the sexual assault on the plaintiff by a student while being transported on a school bus. *A.R. v Chi Bd. Of Educ.*, 311 Ill. App. 3d 29, 31 (1999). The Board employed an attendant to accompany students during the transport on the bus. *Id.* at 32. At the time of the sexual assault, the attendant was present on the bus, but failed to prevent or intercede in the sexual assault upon the plaintiff. *Id.* The plaintiff alleged that the Board, through its agent, had a duty to ensure the safety of the student and negligently failed to perform that duty when it failed to prevent the assault. *Id.* The Appellate Court affirmed the circuit court's dismissal of the plaintiff's negligence claim based on Section 4-102 of the Tort Immunity Act. *Id.* at 34. The Appellate Court agreed with the circuit court's characterization that the plaintiff's allegations of negligence against the Board was a claim predicated upon a failure to prevent one student from committing a crime against another. *Id.* at 32-34.

Like the plaintiff in *A.R.*, here, the Plaintiff is trying to impose liability on the Board for failure to provide police prevention services, so as to prevent a sexual assault upon Z.R. *Id.* at 34, 724 N.E.2d at 11. Plaintiff's allegation of negligence and willful and wanton conduct against the Board is predicated upon its failure to prevent the alleged crime of Z.R. by Defendant Helaire-Jones, and therefore, Section 4-102 of the Act applies.

**C. Section 3-108 immunizes the Board against this claim.**

Plaintiff argues that Section 3-108 of the Act does not immunize the Board because the Board was willful and wanton in its failure to provide supervision. Again, Plaintiff has not alleged facts that would allow this Court to draw any reasonable inference that the Board failed to take reasonable precautions after it had actual notice that Defendant Helaire-Jones would commit sexual assault on Z.R. *Doe v. Bridgeforth*, 2018 IL App (1st) 170188, 102 N.E.3d 710, 722, 2018 Ill.App. Lexis 112, 24 (Illinois courts define willful and wanton conduct…as the failure to take precautions after knowledge of impending danger.) Plaintiff has not alleged any facts that the Board knew of Helaire-Jones' behavior against Z.R. and did nothing. Plaintiff also has not alleged any facts that the Board was deliberately indifferent. *See supra*, Sections I and II. As such, the Board is immune under section 3-108, and Plaintiff's willful and wanton claim (Count VI) must be dismissed.

## CONCLUSION

The Board respectfully requests that the Court grant the Board's Motion to Dismiss Plaintiff's Complaint in its entirety with prejudice and any other relief to which it may be entitled.

Dated January 10, 2020

    Respectfully submitted,

    **BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

    Joseph Moriarty, General Counsel

By:    s/*Kathryn Kohls*
    Kathryn Kohls, Assistant General Counsel
    ARDC No. 6306355
    Susan J. Best, Assistant Deputy General Counsel
    Board of Education of the City of Chicago
    Law Department

1 North Dearborn, Suite 900<br>
Chicago, Illinois 60602<br>
Telephone: (773) 553-1700<br>
kejohnson22@cps.edu<br>
sjbest@cps.edu

## CERTIFICATE OF SERVICE

I, Kathryn Kohls, an attorney, do hereby certify that I caused the attached **Defendant Board of Education of the City of Chicago's Reply in Support of Its Motion to Dismiss Plaintiff's Complaint** to be filed with the Clerk of the Court on January 10, 2020 using the CM/ECF system which sent notification of such filing to all counsel of record.

s/*Kathryn Kohls*
Kathryn Kohls, Assistant General Counsel