UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chimika Walker, as Parent and Next Friend of Z.R., a Minor ) ) ) Plaintiff, ) ) v. ) ) ) Board of Education of the City of ) Chicago, Legal Prep Charter ) Academies, and Jamel M. Helaire-Jones ) ) Defendants. ) | Case No. 19 CV 4115 Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chimika Walker sues Defendants the Board of Education of the City of Chicago, Legal Prep Charter Academies, and Jamel M. Helaire-Jones on behalf of her daughter, Z.R., who attended Legal Prep. She claims that Helaire-Jones, Legal Prep's basketball coach and dean, sexually assaulted Z.R., and that Legal Prep and the Board violated various federal and state laws by failing to protect her. Plaintiff sues Defendants pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, (Count I); 42 U.S.C. § 1983 (Counts II–IV); and Illinois law for negligence and willful and wanton conduct (Counts V–VIII). The Board and Legal Prep both move to dismiss the counts against them. [67]; [69]. For the reasons stated below, this Court grants the Board's motion [67], and grants in part and denies in part Legal Prep's motion [69].

I.  **The Complaint's Allegations**

A.  **The Parties**

Plaintiff is the mother of Z.R., a minor. [52] at ¶ 5. The Board is a "body politic and corporate" under the laws of the State of Illinois, *id.* at ¶ 7, and Legal Prep operates a charter school that receives federal funds, *id.* at ¶¶ 9–10, 63. At all relevant times, Legal Prep employed or employs Helaire-Jones as a dean/disciplinarian and basketball coach. *Id.* at ¶¶ 11–12.

B.  **The Charter School Agreement**

The Board and Legal Prep entered a charter school agreement (Agreement) for a five-year term commencing on July 1, 2012, which they renewed for a second term ending on June 30, 2022. *Id.* at ¶¶ 14–15. The Agreement required the Board to conduct criminal history background checks on all of Legal Prep's existing and prospective employees, in accordance with the Illinois State Code and other state laws, and to perform a check of eligibility for rehiring from the Board's Do Not Hire (DNH) records. *Id.* at ¶¶ 17–18. For its part, Legal Prep maintained a contractual obligation to obtain and provide the Board with a signed copy of the Board-approved release and consent from each of its prospective and current employees to facilitate the Board's background checks. *Id.* at ¶ 22.

Per the Agreement, the Board could either reject a prospective employee or terminate a current employee who had been convicted of any one of the enumerated offenses set forth in the Illinois School Code, or require additional information from a current or prospective employee whose background check showed a conviction of a

non-enumerated offense or whose conviction status was not known. *Id.* at ¶¶ 19–20. After it completed a background check, the Board—as required under the Agreement—would inform Legal Prep whether the Board recommended: (1) hiring the prospective employee or continuing to employ the current employee; (2) conditionally hiring the prospective employee or continuing to employ the current employee pending a final adjudication; or (3) not hiring the prospective employee or terminating the current employee. *Id.* at ¶ 21.

The Agreement required Legal Prep to prohibit any prospective employee from having contact with students pending the results of the background check. *Id.* at ¶ 23.

### C. Helaire-Jones' Background Check

Without first securing a background check, Legal Prep hired Helaire-Jones on or before October 15, 2017 to head the girls' basketball team. *Id.* at ¶ 30. About two months after his hire, on December 26, 2017, Helaire-Jones authorized his background check. *Id.* at ¶ 31. Pursuant to this background check, the Board learned that Helaire-Jones had previously been arrested and accused of abduction and attempted sexual assault of an eighteen year-old female in Battle Creek, Michigan. *Id.* at ¶ 32. The Board thereafter notified Legal Prep's business manager, Melissa Almazan, of this incident. *Id.* at ¶¶ 33, 45. Although the Board requested additional information from Helaire-Jones, Helaire-Jones failed to submit the requested documentation on time. *Id.* ¶¶ 33–35. Accordingly, the Board notified Legal Prep that Helaire-Jones was not eligible for employment. *Id.* at ¶ 35.

3

Despite learning this information, Legal Prep hired and retained Helaire-Jones as a full-time employee, to serve as dean/disciplinarian and varsity girls' basketball coach. *Id.* at ¶ 36.

### D. Helaire-Jones' Alleged Sexual Assault of Z.R.

Z.R. was a student and member of the girls' basketball team at Legal Prep. *Id.* at ¶¶ 37, 39. Between August 2017 and November 2018, Helaire-Jones initiated a sexual relationship with Z.R., involving sexual grooming and engagement in numerous sexual acts at Legal Prep. *Id.* at ¶¶ 39–40. In particular, Helaire-Jones continuously made Z.R. perform acts of sexual contact and penetration with him in the locker room and gymnasium. *Id.* at ¶ 41. At all times, Z.R. was a minor—and at least fifteen years Helaire-Jones' junior—without the legal ability to consent to sex. *Id.* at ¶¶ 38–39. Upon learning of the sexual relationship with Z.R., law enforcement arrested and charged Helaire-Jones with criminal sexual assault; his case remains pending in Cook County. *Id.* ¶ 42.

### E. Procedural History

Plaintiff filed this action on June 19, 2019. [1]. During a motion hearing on January 23, 2020, this Court denied without prejudice the Board's and Legal Prep's first motions to dismiss, and granted Plaintiff's oral motion for leave to amend. [43]. This Court also entered default against Helaire-Jones, who has failed to appear or answer the complaint. *Id.*

Plaintiff filed her first amended complaint on March 12, 2020. [52]. The amended complaint brings claims against Legal Prep for violations of Title IX (Count

I), *id.* at ¶¶ 60–71; and against both Defendants for violation of due process under 42 U.S.C. § 1983, *id.* at ¶¶ 72–86 (Count II against Legal Prep), ¶¶ 87–97 (Count III against the Board); negligence, *id.* at ¶¶ 104–14 (Count V against Legal Prep), ¶¶ 115–25 (Count VI against the Board); and willful and wanton conduct, *id.* at ¶¶ 126–41 (Count VII against Legal Prep), ¶¶ 142–56 (Count VIII against the Board). The Board and Legal Prep have renewed their motions to dismiss. [67]; [69].

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678. Thus, "threadbare recitals of the elements of a cause of action" and mere conclusory statements will not suffice. *Tobey v. Chibucos*, 890 F.3d 634, 639 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678.

### III. Analysis

Each Defendant moves to dismiss the claims against it on various grounds. [67]; [69]. This Court addresses each challenged claim in turn below.

#### A. Count I: Title IX Claim Against Legal Prep

Title IX provides, in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX's ban on "discrimination" prohibits a school's employee from sexually harassing or abusing a student. *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 76 (1992); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 604–05 (7th Cir. 2008). Title IX, however, does not permit recovery under a *respondeat superior* theory. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 287–90 (1998). Rather, where, as here, the Title IX claim "is based on a teacher's conduct, the plaintiff must prove that 'an official of the school district who at a minimum has authority to institute corrective measures . . . has actual notice of, and is deliberately indifferent to, the teacher's misconduct.'" *Hansen*, 551 F.3d at 605 (quoting *Gebser*, 524 U.S. at 277); *see also Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (holding that a "Title IX plaintiff can establish school district liability by showing that a single school administrator with authority to take corrective action responded to harassment with deliberate indifference").

Legal Prep contends that Plaintiff fails to satisfy this "actual notice" requirement because the amended complaint does not allege that it had knowledge

of Helaire-Jones' conduct toward Z.R. [76] at 2–3. But "a school district need not possess actual knowledge of a teacher's acts directed at a *particular plaintiff*," as long as it has actual knowledge of misconduct that would create risks "so great that they are almost certain to materialize if nothing is done." *Hansen*, 551 F.3d at 605 (emphasis in original) (quoting *Delgado v. Stegall*, 367 F.3d 668, 672 (7th Cir. 2004)). For instance, a school district might have "actual notice" if it knows that a teacher is a serial harasser. *Id.* at 606.

Here, Plaintiff alleges that the Board learned of Helaire-Jones' past arrest for abduction and attempted sexual assault and informed Melissa Almazan, Legal Prep's business manager, about this incident and recommended that Legal Prep not hire him. [52] at ¶¶ 32–35. This more than suffices to raise a plausible inference that a school official at Legal Prep had actual knowledge of misconduct that would create risks "so great that they are almost certain to materialize if nothing is done." *Hansen*, 551 F.3d at 605; *see also Doe v. Galster*, 768 F.3d 611, 618 (7th Cir. 2014) (holding that school administrators cannot escape liability by burying "their heads in the sand"). This Court therefore denies Legal Prep's motion as to Count I.

## B. Counts II and III: *Monell* Claims

Plaintiff also brings due process claims against both Legal Prep (Count II) and the Board (Count III) under 42 U.S.C. § 1983, alleging that both Defendants violated Z.R.'s right of bodily integrity. [52] at ¶¶ 72–97.

In *Monell v. Department of Social Services*, the Supreme Court held that municipalities constitute "persons" for purposes of 42 U.S.C. § 1983, and thus may be

7

liable for violations of civil rights, so long as the municipality has adopted a policy or custom that violated the plaintiff's constitutional rights. 436 U.S. 658, 690 (1978). Both the Board and Legal Prep qualify as municipalities subject to suit under *Monell*. *See Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009) (the Chicago board of education); *Jordan v. N. Kane Educ. Corp.*, No. 08 C 4477, 2009 WL 509744, at *2 (N.D. Ill. Mar. 2, 2009) (Illinois charter schools).

To state a *Monell* claim, Plaintiff must plead three elements: (1) an action pursuant to a municipal policy; (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations; and (3) that the municipal action caused her constitutional injury. *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020). A plaintiff can establish a municipal action (the first element) under three theories: (1) an express policy adopted and promulgated by a municipality's officers; (2) an informal but widespread practice or custom; or (3) an action by a policymaker authorized to act for the municipality. *J.K.J. v. Polk County*, 960 F.3d 367, 377 (7th Cir. 2020). Both Defendants move to dismiss.

### 1. Count II: Legal Prep

Legal Prep argues that Plaintiff's *Monell* claim fails because she fails to allege the first element of a *Monell* claim: an action pursuant to a municipal policy. [69] at 5–6. Plaintiff does not assert an express policy or widespread custom or practice; she instead pursues the third theory of municipal action, alleging that Legal Prep, through its employees "with policymaking power including its Business Manager,"

8

hired and allowed Helaire-Jones contact with students, including Z.R. [52] at ¶¶ 79–82. Her amended complaint, however, falls short of plausibly establishing this theory of relief.

State law informs who legally constitutes a final policymaker. *Burger v. County of Macon*, 942 F.3d 372, 375 (7th Cir. 2019); *Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011). Final "policymaking authority may be granted directly by statute or delegated or ratified by an official having policymaking authority." *Kujawski v. Bd. of Comm'rs of Bartholomew Cty.*, 183 F.3d 734, 737 (7th Cir. 1999). A person possesses final policymaking authority for employment purposes if she has the authority to set policy for hiring and firing. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 676 (7th Cir. 2009). Relevant here, pursuant to the Illinois Charter School Law, "a charter school [employee]'s authority is governed by the charter school's board or other governing body . . . consistent with the school's charter." *Molloy v. Acero Charter Sch., Inc.*, No. 19 C 785, 2019 WL 5101503, at *5 (N.D. Ill. Oct. 10, 2019) (citing 105 Ill. Comp. Stat. 5/27A-5(c)).

In her amended complaint, Plaintiff concludes that Legal Prep, "through its official with policymaking authority including its Business Manager Melissa Almazan," caused her constitutional injury by hiring and allowing Helaire-Jones to have contact with students. [52] at ¶¶ 79–82. But apart from this bare conclusion, Plaintiff alleges no facts suggesting that Legal Prep's governing board delegated final policy to establish employment policy to Almazan (or any other school official for that matter). Absent such facts, the amended complaint simply does not permit the

9

inference of a final policymaker action. *Cf. Molloy*, 2019 WL 5101503, at *5 (complaint survived dismissal under a "final policymaker" theory where it alleged facts showing that the charter school's relevant governing body granted final policymaking authority over personnel decisions to the school's principal); *Thuet v. Chi. Pub. Sch.*, No. 20 C 1369, 2020 WL 5702195, at *4 (N.D. Ill. Sept. 24, 2020) (finding that the plaintiff adequately alleged that Chicago Public Schools' CEO constituted a final policymaker for hiring and firing where plaintiff referenced applicable guidelines showing that the CEO could set policy for termination). Because Plaintiff does not advance any additional theories for relief under *Monell*, this Court dismisses Count II for failure to adequately plead a municipal action.

### 2. Count III: The Board

Next, the Board argues that Plaintiff has failed to plausibly allege "deliberate indifference" or "causation" to support her *Monell* claim. [67] at 6–9. This Court agrees.

To survive dismissal, Plaintiff must plausibly allege that the Board was "deliberately indifferent to the risk that its policies (or a gap in them) would cause a constitutional violation," *Pulera*, 966 F.3d at 551, and that the Board's action was the "moving force" behind her injury, *Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 397 (1997)). In her amended complaint, Plaintiff alleges in conclusory fashion that the Board's policy of "systematic failure to conduct effective background checks" amounted to deliberate indifference, and that such alleged failure caused her constitutional injury.

10

[52] at ¶ 92. Undermining this conclusion, however, Plaintiff's factual allegations paint quite a different picture.

According to the amended complaint, the Board followed through with its obligations to conduct a background check for Helaire-Jones; it then reported the results of the background check to Legal Prep, and it took the correct action of warning Legal Prep against hiring Legal Prep. [52] at ¶¶ 31–36. Additionally, Plaintiff does not allege that the Board had any say over whether to hire Helaire-Jones. Instead, she asserts that Legal Prep unilaterally made the decision to hire Helaire-Jones in spite of the Board's warning. *Id.*

Based upon such allegations, this Court finds it implausible that the Board acted with deliberate indifference to the risk that its purported policy of ineffective background checks would lead to injury. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Deliberate indifference is intentional or reckless conduct . . . ."). Similarly, this Court finds it implausible that the Board's alleged practice of ineffective background checks was the moving force behind Plaintiff's injury, as the amended complaint pins the ultimate decision to hire Helaire-Jones solely upon Legal Prep, who allegedly ignored the Board's warning. Because Plaintiff fails to allege these *Monell* elements as to the Board, this Court dismisses Count III.

### C.    Counts V–VIII: State-Law Claims

Plaintiff additionally brings state-law claims for negligence and willful and wanton conduct against both Legal Prep (Count V and VII) and the Board (Count VI and VIII). Both Defendants have moved to dismiss these claims.

### 1. Counts VII and VIII: Willful and Wanton Conduct

First, Legal Prep argues that Count VII should be dismissed because willful and wanton is not an independent tort under state law. [69] at 14–15. Legal Prep is correct: Illinois law does not recognize a "separate and independent tort of willful and wanton conduct." *Doe v. Bd. of Educ. of City of Chi.*, No. 19 C 00263, 2020 WL 1445638, at *14 (N.D. Ill. Mar. 24, 2020) (quoting *Krywin v. Chi. Transit Auth.*, 938 N.E.2d 440, 452 (Ill. App. Ct. 2010)); *see also Ziarko v. Soo Line R. Co.*, 641 N.E.2d 402, 406 (Ill. 1994)). Rather, willful and wanton conduct constitutes an aggravated form of negligence upon which a plaintiff can recover damages by alleging—and later proving—the elements of a negligence claim and "a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Krywin*, 938 N.E.2d at 452.

Here, Plaintiff already brings a negligence claim against Legal Prep, so its willful and wanton conduct claim cannot itself stand as an independent cause of action. *See Logan v. City of Evanston*, No. 20 C 1323, 2020 WL 6020487, at *8 (N.D. Ill. Oct. 12, 2020) (dismissing claims of willful and wanton conduct but considering the allegations of willful and wanton conduct, to the extent applicable, in addressing the plaintiffs' other state tort claims); *Samuel v. City of Chicago*, 41 F. Supp. 2d 801, 807 (N.D. Ill. 1999) (dismissing willful and wanton conduct as an independent claim). For this reason, this Court dismisses Count VII, but notes that this ruling does not foreclose Plaintiff from proving willful and wanton conduct as part of her negligence claim against Legal Prep.

Similarly, although the Board has not moved to dismiss on this basis, the same legal principle applies to Plaintiff's willful and wanton conduct claim against it. This Court thus dismisses Count VIII.

### 3. Count V: Negligence Against Legal Prep

Legal Prep next argues that Plaintiff's negligence claim fails to adequately allege both a cognizable duty and breach of that duty. [69] at 9–10. Not so. As to duty, Illinois law recognizes that the relationship between a public school and its students can create a duty to protect when the school possesses "unique knowledge that one of its teachers or students poses a particular threat to another student." *Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 515 (7th Cir. 2010). Here, Plaintiff has sufficiently pled that Legal Prep possessed unique knowledge that Helaire-Jones posed a threat to students by virtue of his past background. This suffices to allege a cognizable duty. *See Doe I v. Bd. of Educ. of City of Chi.*, 364 F. Supp. 3d 849, 869 (N.D. Ill. 2019) (concluding that the plaintiff sufficiently alleged duty by asserting that the board of education knew that a school employee "posed a threat" to students). Plaintiff has also plausibly pled that Legal Prep breached the duty by, among other things, allowing Helaire-Jones to have contact with students in spite of this background check. This Court therefore rejects Legal Prep's argument that Plaintiff has failed to plead duty and the breach thereof.

#### a. Tort Immunity Act

Legal Prep next argues that provisions of the Illinois Tort Immunity Act, 745 Ill. Comp. Stat. 10/1-101–10-101, bar Plaintiff's negligence claim. The Act embodies

13

the Illinois legislature's "attempt to create certain uniform rules of immunity as exceptions to the general rule of municipal liability." *Aikens v. Morris*, 583 N.E.2d 487, 490 (Ill. 1991). The Act supplies an affirmative defense, so Legal Prep bears the burden of establishing its applicability. *Taylor v. Bd. of Educ. of City of Chi.*, No. 18 C 7874, 2020 WL 5076718, at *7 (N.D. Ill. Aug. 27, 2020); *Hill v. Cook County*, No. 18 C 8228, 2020 WL 2836773, at *20 (N.D. Ill. May 31, 2020). Although Plaintiff need not anticipate affirmative defenses in pleading her complaint, she may plead herself out of court by alleging facts sufficient to implicate the Act in the complaint itself. *Doe I*, 364 F. Supp. 3d at 863 (citing *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015); *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)). Legal Prep invokes Sections 2-103 and 2-201 of the Act.[1]

### 1.   Section 2-103

Section 2-103 provides: "A local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." 745 Ill. Comp. Stat. 10/2-103. The term "law" means a "constitutional provision, statute, ordinance or regulation" or any "rule . . . or order . . . having the force of law." 745 ILCS 10/1-203, 1-205, 1-208. If applicable, Section 2-103 provides absolute immunity for negligent and willful and wanton misconduct. *Doe I*, 364 F. Supp. 3d at 863 (citing *Village of Bloomingdale v. CDG Enters., Inc.*, 752 N.E.2d 1090, 1098 (Ill. 2001)).

---

[1] Legal Prep initially relied on Section 3-108 of the Act, which immunizes public employees for failure to supervise, but withdrew this basis of immunity in its reply. [76] at 10.

Based upon this provision, Legal Prep urges this Court to dismiss Plaintiff's allegations premised upon Legal Prep's violations of the Illinois School Code, the Sex Offender and Child Murderer Community Notification Law, and/or the Murderer and Violent Offender Against Youth Registration Act. [69] at 11. True, Plaintiff cannot base her negligence claim upon Legal Prep's alleged failure to enforce these laws. *See Doe v. Village of Arlington Heights*, 782 F.3d 911, 920 (7th Cir. 2015) (noting that Section 2-103 immunizes entities from liability for injury caused by failing to enforce any law). But Plaintiff also bases her negligence claim upon Legal Prep's alleged breach of common law duties, such as the duty to protect its students. Section 2-103 does not immunize breaches of those common-law duties, *Doe*, 2020 WL 1445638, at *13, and therefore does not require dismissal of Plaintiff's negligence claim against Legal Prep at this stage.

### 2. Section 2-201

Legal Prep also asserts immunity under Section 2-201 of the Act, which provides that:

> a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 Ill. Comp. Stat. Ann. 10/2-201. Although this section only expressly immunizes "public employees," Illinois courts hold that local public entities "are also clothed with immunity if their employees are not liable for the injury resulting from their acts or omissions." *LaPorta v. City of Chicago*, 277 F. Supp. 3d 969, 997 (N.D. Ill. 2017) (citing *Arteman v. Clinton Cmty. Unit Sch. Dist. No. 15*, 763 N.E.2d 756, 762–63 (Ill.

15

2002)); *see also Weiler v. Village of Oak Lawn*, 86 F. Supp. 3d 874, 885 (N.D. Ill. 2015). This immunity only applies, however, where a public employee has engaged in both the determination of policy *and* the exercise of discretion when performing the act or omission upon which Plaintiff bases her injury. *Doe I*, 364 F. Supp. 3d at 866; *LaPorta*, 277 F. Supp. 3d at 997.

Legal Prep argues that Section 2-201 immunizes it because the decisions its employees made regarding Helaire-Jones' employment would have been both policy-driven and discretionary decisions. [69] at 14. While Legal Prep might ultimately prevail on this argument, the Section 2-201 analysis "resists precise formulation." *Snyder v. Curran Township*, 657 N.E.2d 988, 992 (Ill. 1995). For this reason, courts typically defer decisions regarding discretionary immunity under Section 2-201 until the parties have developed a full factual record that illuminates which of the defendant's employees acted and whether those actions qualify as discretionary policy decisions. *See Doe I*, 364 F. Supp. 3d at 867 (collecting cases). This Court finds deferral appropriate here, as the amended complaint does not state who made the decision to hire and retain Helaire-Jones, nor the specific actions he or she took in coming to this decision. At the pleadings stage, this Court cannot conclude as a matter of law that Section 2-201 immunity applies. This Court thus denies Legal Prep's motion as to Count V.

### 2. Count VI: Negligence Against the Board

Finally, this Court addresses the sole remaining claim against the Board. As it did with Plaintiff's *Monell* claim, the Board argues that Plaintiff's negligence claim

16

fails because Plaintiff has not plausibly alleged that it engaged in wrongdoing nor caused any injury. [74] at 12–13.

Plaintiff attempts to avoid dismissal by asserting that the Board breached its "duty to protect" by virtue of its knowledge of Helaire-Jones' background. [71] at 14. But, in the context of Illinois charter schools, no authority exists for imposing a special duty to protect on the board of education. The Illinois legislative scheme actually suggests otherwise: the Board governs traditional public schools, but not charter schools. *Compare Veazey v. Bd. of Educ. of Rich Twp. High Sch. Dist. 227*, 59 N.E.3d 857, 865 (Ill. App. Ct. 2016) ("A board of education is designated as a district's governing body."), *with* 105 Ill. Comp. Stat. 5/27A-5 (stating that a "charter school is exempt from all other State laws and regulations in this Code governing public schools and local school board policies" subject to some exceptions not relevant here), *and* 105 Ill. Comp. Stat. 5/27A-5(c) ("A charter school shall be administered and governed by its board of directors or other governing body in the manner provided in its charter.").

Nor can Plaintiff plausibly allege that the Board breached a duty as defined in its Agreement with Legal Prep to conduct background checks. Where a negligence action derives from a contractual obligation, the contract informs the existence and parameters of the defendant's duty. *Roberts v. Alexandria Transp., Inc.*, 968 F.3d 794, 799 (7th Cir. 2020). A defendant's duty thus does not expand beyond the scope of the contract. *Id.*; *St. Paul Mercury Ins. v. Aargus Sec. Sys., Inc.*, 2 N.E.3d 458, 478 (Ill. App. Ct. 2013). Here, the Agreement informs the Board's duty to conduct

17

background checks and provide recommendations to Legal Prep based upon those results. The amended complaint alleges that the Board did just that, thus precluding the inferences that the Board breached any duty deriving from the Agreement or caused Plaintiff's injury. For these reasons, this Court dismisses Count VI.

**IV. Conclusion**

For the reasons explained above, this Court grants the Board's motion to dismiss [67], and grants in part and denies in part Legal Prep's motion to dismiss [69]. Counts II, III, VI, VII, and VIII of the amended complaint are hereby dismissed, while Counts I and V stand as to Legal Prep. The Clerk is directed to terminate the Board as a party to this action. The remaining parties shall meet and confer and file a status report by April 9, 2021, proposing reasonable case management dates for the remaining life cycle of the case. This Court will set dates and deadlines by separate order. In addition, if at any time the parties believe that a settlement conference would be fruitful, they should contact Chambers, and this Court will promptly refer this case to the assigned Magistrate Judge for that purpose.

Dated: March 25, 2021

Entered:

_____
John Robert Blakey
United States District Judge