**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Z.R., | ) | |
| | ) | |
| Plaintiff, | ) | No.: 19-cv-4115 |
| | ) | |
| vs. | ) | Judge John Blakey |
| | ) | |
| BOARD OF EDUCATION OF THE CITY | ) | Magistrate Judge Sheila Finnegan |
| OF CHICAGO, LEGAL PREP CHARTER | ) | |
| ACADEMIES, AND JAMEL M. HELAIRE-JONES, | ) | |
| | ) | *Plaintiff demands trial by jury* |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT AT LAW

Plaintiff, Z.R., by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of the Defendants, BOARD OF EDUCATION OF THE CITY OF CHICAGO, LEGAL PREP CHARTER ACADEMIES, and JAMEL M. HELAIRE-JONES, states as follows:

### INTRODUCTION

1. Plaintiff brings this matter to redress the sexual abuse and discrimination occurring by Defendants Board of Education of the City of Chicago ("Board"), Legal Prep Charter Academies, and Jamel M. Helaire-Jones ("Helaire-Jones")(collectively referred herein as "Defendants"). Plaintiff brings this matter seeking damages for the various violations of the laws of the United States and State of Illinois arising from Defendants' acts and omissions resulting in harm to Z.R.

### JURISDICTION AND VENUE

2. This case is brought under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, to redress the sex discrimination against Plaintiff (Count I); 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States

1

Constitution (Counts II-IV), and state law claims of negligence and willful and wanton conduct (Counts V-VIII).

3.      This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

4.      On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims here all occurred within this district.

## PARTIES

5.      Chimika Walker is the mother of Z.R. She is a citizen of the United States and citizen of the State of Illinois. She was the original plaintiff on behalf of Z.R. as a minor.

6.      Z.R. is a citizen of the United States and citizen of the State of Illinois.

7.      Defendant Board is a body politic and corporate under the laws of the State of Illinois. Defendant Board maintains offices at 42 W. Madison Street, Chicago, Illinois.

8.      Defendant Board is and was responsible for the governance, organizational, and financial oversight of the staff and administration of Chicago Public Schools ("CPS"), the third largest school district in the United States of America. Defendant Board, acting through its agents, servants, and/or employees, is engaged in, among other things, the provision of education, care, and development services. Defendant Board is responsible for its own acts or omissions and the conduct of its employees and/or agents under *respondeat superior*.

9.      Defendant Legal Prep Charter Academies is a not-for-profit corporation under the laws of the State of Illinois.

10.     Defendant Legal Prep Charter Academies owns and operates a charter school, Legal Prep Charter Academy ("Legal Prep"), located at 4319 W. Washington Boulevard,

2

Chicago, Illinois, which is a public school funded, managed, and controlled by the Board. Defendant Legal Prep Charter Academies received authority delegated to it by Defendant Board.

11.     Defendant Helaire-Jones is and/or was an employee of Defendant Legal Prep Charter Academies. At all times relevant herein, Defendant Helaire-Jones worked as a dean/disciplinarian and basketball coach at Legal Prep Charter Academy in Chicago, Illinois.

12.     At the time of the incident in this complaint, Defendant Helaire-Jones was engaged in the complained of conduct while acting within the scope of his employment and under color of state law. Defendant Helaire-Jones is sued in his individual capacity and as agent and/or employee of Defendant Legal Prep Charter Academies.

## FACTS COMMON TO ALL COUNTS

### Charter School Agreement and Background Check Obligations

13.     At all relevant times herein, Legal Prep Charter Academy ("Legal Prep") was located at 4319 W. Washington Boulevard, Chicago, Illinois where it provided education for high-school aged students.

14.     Defendants Board and Legal Prep Charter Academies originally entered into a Charter School Agreement for a term commencing on July 1, 2012 and ending June 30, 2017.

15.     Defendants Board and Legal Prep Charter Academies renewed this Charter School Agreement for a term commencing on July 1, 2017 and ending on June 30, 2022.

16.     According to this Charter School Agreement, Defendant Legal Prep Charter Academies was required to follow Sections 10-21.9 and 34-18.5 of the Illinois School Code (105 ILCS 5/10-21.9; 105 ILCS 5/34-18.5) regarding fingerprint-based criminal history records checks and checks of the State Sex Offender Database and the Statewide Murderer and Violent Offender Against Youth Database of applicants for employment.

17.     According to this Charter School Agreement, beginning on November 14, 2017, Defendant Board was required to conduct criminal history checks on all of Defendant Legal Prep Charter Academies prospective and existing employees, agents, contractors, subcontractors, and volunteers who may have contact with students (collectively, "Prospective or Current Staff").

18.     This criminal history check was required to be conducted in accordance with the Illinois School Code, 105 ILCS 5/34-18.5; the Sex Offender and Child Murderer Community Notification Law, 730 ILCS 152/101, *et seq.*; and the Murderer and Violent Offender Against Youth Registration Act, 730 ILCS 154/1, *et seq.* Additionally, the Board shall perform a check of eligibility for rehiring from the Board's Do Not Hire Records ("DNH"). Collectively, these screenings were referred to in the Charter School Agreement as "Background Checks."

19.     According to this Background Check criteria, the Board would reject a Prospective Staff member or terminate a Current Staff member who had been convicted of any enumerated offense set forth in the Illinois School Code. If the Prospective or Current Staff member has been convicted of an enumerated offense, the Charter school may not employ the Prospective or Current Staff member.

20.     According to this Background Check criteria, the Board would require additional information from a Prospective or Current Staff member who had a conviction of a non-enumerated offense or whose conviction status is unknown. Moreover, the Board shall communicate with the Prospective or Current Staff member the need for additional information.

21.     Following the Board's evaluation of the Prospective or Current Staff member's Background Checks, the Board shall inform Defendant Legal Prep Charter Academies whether: (1) the Board would hire the Prospective Staff member or continue to employ the Current Staff member; (2) the Board would conditionally hire the Prospective Staff member or continue to

employ the Current Staff member, pending a final adjudication; or (3) the Board would not hire the Prospective Staff member or would terminate the current Staff Member.

22.     Under the Charter School Agreement, Defendant Legal Prep Charter Academies was required to obtain and provide the Board with a signed copy of the Board-approved Release and Consent to Conduct and Disclose Background Investigation and Personnel Information ("Release") from each of its Prospective and Current Staff members in the form provided by the Board.

23.     According to the Charter School Agreement, Defendant Legal Prep Charter Academies "shall not allow any Prospective Staff to have contact with students (i.e., via text messages, live chats, emails, telephone, in person, or through any other means) until the Charter School receives the results of the Prospective Staff member's Background Checks and the Board's adjudication."

24.     At all relevant times herein, Defendants Board and Legal Prep Charter Academies were bound by the terms of the Charter School Agreement, including the aforementioned Background Checks requirements.

25.     Defendant Legal Prep Charter Academies' Staff Handbook Employment Policies and Practices for Legal Prep also required that "All staff and volunteers are required to complete a fingerprint and background check. The process is explained by the business manager and processed at the time of hiring."

**Background Check of Defendant Helaire-Jones**

26.     At all relevant times herein, Defendant Legal Prep Charter Academies owned, operated, managed, maintained, and controlled Legal Prep and the employees and/or agents therein.

5

27.     At all relevant times herein, Defendant Helaire-Jones was employed by Defendant Legal Prep Charter Academies.

28.     Prior to his employment with Defendant Legal Prep Charter Academies, Defendant Helaire-Jones had been arrested and/or charged with various misdemeanor and felony crimes.

29.     Of these incidents before his employment with Defendant Legal Prep Academies, Defendant Helaire-Jones was arrested and accused of abduction (kidnaping) and attempted sexual assault of an 18-year-old female in Battle Creek, Michigan.

30.     On or before October 15, 2017, and prior to conducting a Background Check of Defendant Helaire-Jones, Defendant Legal Prep Charter Academies hired Defendant Helaire-Jones to head the girls' basketball team.

31.     On December 26, 2017, Defendant Helaire-Jones authorized Defendants Board and Legal Prep Charter Academies to conduct a criminal background check pursuant to the above Background Check requirements.

32.     Pursuant to his Background Check, Defendant Board gained knowledge that Defendant Helaire-Jones had been arrested and accused of abduction (kidnaping) and attempted sexual assault of an 18-year-old female in Battle Creek, Michigan.

33.     Defendant Board thereafter notified Defendant Legal Prep Charter Academies' Business Manager Melissa Almazan to provide additional information about the sexual assault claim arising in Michigan.

34.     Defendants Board and Legal Prep Charter Academies failed to obtain the necessary information in order to adjudicate Defendant Helaire-Jones' eligibility for employment.

6

35.     Defendant Board thereafter notified Defendant Legal Prep Charter Academies' Business Manager Melissa Almazan that Defendant Helaire-Jones was not eligible for hire because he failed to submit requested documentation within the allotted time frame.

36.     Despite his ineligibility for employment according to the Background Check procedures in the Charter School Agreement as well as his criminal arrest for abduction and attempted sexual assault, Defendant Legal Prep Charter Academies hired Defendant Helaire-Jones as a fulltime employee holding the positions of dean/disciplinarian and varsity girls' basketball coach at Legal Prep Charter Academy.

<u>**Defendant Helaire-Jones Sexually Assaults Z.R.**</u>

37.     At all relevant times herein, Z.R. attended Legal Prep as a student.

38.     At all relevant times herein, Defendant Helaire-Jones was an adult in his early thirties and at least fifteen years older than Z.R.

39.     Between August 2017 through November 2018, Defendant Helaire-Jones initiated a sexual relationship with Z.R., who was a student and member of the girls' basketball team at Legal Prep Charter Academy as well as a minor without the legal ability to consent to sex.

40.     Between August 2017 through November 2018, Defendant Helaire-Jones sexually groomed Z.R. and engaged in numerous sexual acts with him on the property of Legal Prep.

41.     Over this time period, Defendant Helaire-Jones continuously made Z.R. perform acts of sexual contact and penetration with him in the locker room and gymnasium at Legal Prep.

42.     Once law enforcement learned of the above information, Defendant Helaire-Jones was arrested and charged with criminal sexual assault of Z.R. This criminal matter is currently pending in Cook County, Illinois.

43.     Defendants Board and Legal Prep Charter Academies knew or should have known that Defendant Helaire-Jones possessed a criminal background which included an arrest for kidnaping and attempted sexual assault that made him ineligible to work in a school with students which increased the risk of harm to the students.

44.     Due to Defendants Board's and Legal Prep Charter Academies' deliberate indifference to the safety of the students and to the enforcement of performing background screening on their employees, Defendant Legal Prep Charter Academies retained Defendant Helaire-Jones to work with students, including Z.R.

45.     Defendant Legal Prep Charter Academies, through its policymaking official Business Manager Melissa Almazan, knew of the criminal background of Defendant Helaire-Jones but deliberately disregarded the risk of harm posed by Defendant Helaire-Jones.

46.     Defendant Legal Prep Charter Academies' deliberate indifference to the criminal background of Defendant Helaire-Jones created the plainly obviously consequence of abuse by Defendant Helaire-Jones upon Z.R.

47.     Defendant Legal Prep Charter Academies' deliberate indifference to the criminal background of Defendant Helaire-Jones created a specific and identifiable threat to the students working with Defendant Helaire-Jones.

48.     Defendant Legal Prep Charter Academies' deliberate indifference to the criminal background of Defendant Helaire-Jones effectively encouraged Defendant Helaire-Jones to believe that he could engage in improper and unauthorized sexual contact with students without fear of reprisal or discipline.

49.     Defendant Legal Prep Charter Academies' acted with deliberate indifference and in a manner that shocks the conscience by permitting Defendant Helaire-Jones to work with students, including Z.R.

50.     At all relevant times herein, there was in effect a certain statute, 105 ILCS 5/1, *et seq.*, commonly known as the Illinois School Code.

51.     At all relevant times herein, Defendant Legal Prep Charter Academies, by and through their agents and/or employees, had a duty to abide by the policies set forth in the Illinois School Code.

52.     At all relevant times herein, there was in effect a certain statute, 325 ILCS 5/1, *et seq.*, commonly known as the Abused or Neglected Child Reporting Act ("ANCRA").

53.     At all relevant times herein, Defendant Legal Prep Charter Academies' employees and/or agents had a duty to abide by the policy set forth in ANCRA.

54.     At all relevant times herein, Defendant Legal Prep Charter Academies' employees and/or agents were mandated reporters as defined in ANCRA.

55.     Under Section 4 of ANCRA, school personnel having reasonable cause to believe a child known to them in their professional or official capacity may be an abused child shall immediately report or cause a report to be made to DCFS.

56.     Under 89 Ill. Adm. Code § 300 app. B. at 8, sexual exploitation is a Priority I harm which generates the initiation of an immediate investigation by DCFS.

57.     As a result of this mandated reporting proscribed by law, Defendant Legal Prep Charter Academies' employees and/or agents were divested of the exercise of discretion and the determination of policy based on the failure to report.

58.     At all relevant times herein, Defendant Legal Prep Charter Academies defined all school-based personnel as mandated reporters and, where reasonable cause to believe the child known to him or her in their official capacity may have been abused or neglected children, they are required to immediately call the DCFS Hotline.

59.     As a result of Defendant Legal Prep Charter Academies' conduct, Z.R. suffered harm.

## COUNT I
## TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
## LEGAL PREP CHARTER ACADEMIES

60.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 59 as paragraph 60 as if restated herein.

61.     Title IX of the Education Amendments of 1972 ("Title IX") states that:

No person in the United States shall, on the basis of sex, be excluded from participation, in be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681, *et seq.*

62.     Plaintiff Z.R. belongs to a protected group under Title IX.

63.     Defendant Legal Prep Charter Academies provide educational institutions with programs and activities and are recipients of federal funds for educational programs and activities as defined under Title IX.

64.     As described more fully above, Z.R. was subjected to discrimination and harassment by Defendant Helaire-Jones where Defendant Helaire-Jones forced Z.R. to engage in various sexual acts.

65.     The discrimination and harassment suffered by Z.R. was based on sex as described above.

66.     Defendant Legal Prep Charter Academies, including its principal and business manager, permitted Z.R. to be discriminated against and harassed based on membership in a certain class of individuals.

67.     Defendant Legal Prep Charter Academies, including its principal and business manager, treated Z.R. differently than other similarly-situated individuals not belonging to the class of Z.R.

68.     The discrimination and harassment in the form of repeated acts of sexual penetration and sexual contact were so severe and pervasive that it altered the conditions of Z.R.'s education.

69.     Defendant Legal Prep Charter Academies, including its principal and business manager, had actual direct notice of Defendant Helaire-Jones's misconduct after learning of his improper sexual contact with Z.R. and another student but was deliberately indifferent to his misconduct.

70.     Defendant Legal Prep Charter Academies, including its principal and business manager, had knowledge of Defendant Helaire-Jones's misconduct and possessed the authority to institute corrective measures; however, Defendant Legal Prep Charter Academies failed to take corrective measures to stop harm against Z.R.

71.     Defendant Legal Prep Charter Academies' conduct proximately caused harm to Z.R.

WHEREFORE, Plaintiff respectfully requests:

a.      Compensatory and punitive damages in an amount to be determined at trial;

b.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

11

**COUNT II**
**42 U.S.C. § 1983 – DUE PROCESS VIOLATION**
**LEGAL PREP CHARTER ACADEMIES**

72.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 71 as paragraph 72 as if restated herein.

73.     Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff Z.R. possesses a right to bodily integrity.

74.     Defendant Legal Prep Charter Academies acted under color of law insofar as it engaged in conduct that is fairly attributable to the state because Defendant Legal Prep Charter Academies was jointly engaged with Defendant Board and was delegated a public function in providing public education in Chicago, Illinois.

75.     Defendant Legal Prep Charter Academies, through its official with policymaking authority including its Business Manager Melissa Almazan, knew Defendant Helaire-Jones possessed a criminal background which included an arrest for kidnaping and attempted sexual assault that made him ineligible to work in a school with students which increased the risk of harm to the students.

76.     Defendant Legal Prep Charter Academies, through its official with policymaking authority including its Business Manager Melissa Almazan, knew it was a violation of the Charter School Agreement to permit Defendant Helaire-Jones to have contact with students until it received the results of the Background Check.

77.     Defendant Legal Prep Charter Academies, through its official with policymaking authority including its Business Manager Melissa Almazan, knew that it was required to follow Sections 10-21.9 and 34-18.5 of the Illinois School Code (105 ILCS 5/10-21.9; 105 ILCS 5/34-18.5) regarding fingerprint-based criminal history records checks and checks of the State Sex

Offender Database and the Statewide Murderer and Violent Offender Against Youth Database of applicants for employment pursuant to the Charter School Agreement.

78.    According to this Charter School Agreement, Defendant Board was required to conduct criminal history checks on all of Defendant Legal Prep Charter Academies prospective and existing employees, agents, contractors, subcontractors, and volunteers who may have contact with students in accordance with the Illinois School Code, 105 ILCS 5/34-18.5; the Sex Offender and Child Murderer Community Notification Law, 730 ILCS 152/101, *et seq.*; and the Murderer and Violent Offender Against Youth Registration Act, 730 ILCS 154/1, *et seq.*

79.    Defendant Legal Prep Charter Academies was prohibited pursuant to the Charter School Agreement to allow Defendant Helaire-Jones to have contact with students without receiving or adjudicating the results of the Background Check.

80.    Defendant Legal Prep Charter Academies, through its official with policymaking authority including its Business Manager Melissa Almazan, disregarded the terms of the Charter School Agreement and applicable state law where it hired Defendant Helaire-Jones and allowed him to have contact with students.

81.    Defendant Legal Prep Charter Academies, through its official with policymaking authority including its Business Manager Melissa Almazan, knew of the criminal background of Defendant Helaire-Jones but deliberately disregarded the risk of harm posed by Defendant Helaire-Jones to the Legal Prep students, including Z.R.

82.    Defendant Legal Prep Charter Academies, through its official with policymaking authority including its Business Manager Melissa Almazan, had actual knowledge that the criminal background of Defendant Helaire-Jones created a specific and identifiable threat to the

students coming into contact with Defendant Helaire-Jones, including Z.R., but acted deliberately indifferent to the risk posed to those students.

83. Defendant Legal Prep Charter Academies' deliberate indifference to the criminal background of Defendant Helaire-Jones created the plainly obviously consequence of abuse by Defendant Helaire-Jones upon Z.R.

84. Defendant Legal Prep Charter Academies' deliberate indifference to the criminal background of Defendant Helaire-Jones effectively encouraged Defendant Helaire-Jones to believe that he could engage in improper and unauthorized sexual contact with students without fear of reprisal or discipline.

85. Defendant Legal Prep Charter Academies, through its official with policymaking authority including its Business Manager Melissa Almazan, acted with deliberate indifference and in a manner that shocks the conscience by permitting Defendant Helaire-Jones to have contact with students, including Z.R.

86. Defendant Legal Prep Charter Academies' conduct proximately caused harm to Z.R.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory and punitive damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable.

### COUNT III
### 42 U.S.C. § 1983 – DUE PROCESS VIOLATION
### BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD")

87. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 86 as paragraph 87 as if restated herein.

88.     On August 16, 2018, Defendant Board, though its retained counsel, released its Preliminary Report entitled "Preventing and Responding to Sexual Misconduct against Student in Chicago Public Schools (hereinafter "Report")."

89.     According to the Report, the Chicago Police Department conducted 523 investigations between 2008 and 2017 that involved sexual assault or abuse of children within Chicago schools by fellow students or adults.

90.     The Report further revealed that former Board employees were alleged to have been the perpetrators in seventy-two (72) of 108 cases selected by the Chicago Tribune.

91.     According to the Report, the Chicago Tribune also found systematic failures, including ineffective background checks, that caused adults to victimize students.

92.     These systematic failures to conduct effective background checks was common to the point such that it constituted a widespread practice and custom of insufficient background checks.

93.     Defendant Board knew that Defendant Helaire-Jones was charged with abduction and attempted sexual assault and that Defendant Helaire-Jones failed to provide any explanation of the disposition of these charges making him ineligible for employment with the Board and Defendant Legal Prep Charter Academies pursuant tot the Charter School Agreement.

94.     Defendant Board had actual knowledge that the criminal background of Defendant Helaire-Jones created a specific and identifiable threat to the students coming into contact with Defendant Helaire-Jones, including Z.R., but acted deliberately indifferent to the risk posed to those students.

95.     Due to Defendant Board was deliberate indifference to the safety of the students and to the enforcement of Background Checks in the Charter School Agreement, Defendant

Board permitted Defendant Legal Prep Charter Academies to allow Defendant Helaire-Jones to have contact with students, including Z.R.

96.     Defendant Board's deliberate indifference to the widespread practice and custom of improper sexual contact between CPS employees and their students created the plainly obviously consequence of abuse by Defendant Helaire-Jones upon Z.R.

97.     Defendant Board's conduct proximately caused harm to Z.R.

WHEREFORE, Plaintiff respectfully requests:

a.     Compensatory damages in an amount to be determined at trial;

b.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.     Such other relief as the Court may deem just or equitable.

## COUNT IV
## 42 U.S.C. § 1983 – DUE PROCESS VIOLATION
## JAMEL M. HELAIRE-JONES

98.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 97 as paragraph 98 as if restated herein.

99.     Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff Z.R. possesses a right to bodily integrity.

100.     Defendant Helaire-Jones's unauthorized and non-consensual sexual contact with Z.R. and his improper sexual abuse and assault with Z.R. denied Z.R. due process under the law as protected by the Fourteenth Amendment to the U.S. Constitution.

101.     Defendant Helaire-Jones's improper sexual abuse and assault with Z.R. unlawfully denied Z.R. due process of law in a manner that shocks the conscience.

102.     At all times relevant herein, Defendant Helaire-Jones acted under color of law.

103.     Defendant Helaire-Jones' conduct proximately caused harm to Z.R.

16

WHEREFORE, Plaintiff respectfully requests:

a.  Compensatory and punitive damages in an amount to be determined at trial;

b.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.  Such other relief as the Court may deem just or equitable.

## COUNT V
## NEGLIGENCE
## LEGAL PREP CHARTER ACADEMIES

104.  Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 103 as paragraph 104 as if restated herein.

105.  Defendant Legal Prep Charter Academies, by and through their agents and/or employees, knew or should have known that Defendant Helaire-Jones had a particular unfitness for the position of dean/disciplinarian at Legal Prep so as to create a danger of harm to Z.R.

106.  Defendant Legal Prep Charter Academies knew or should have known that Defendant Helaire-Jones possessed a criminal background which included an arrest for kidnaping and attempted sexual assault that made him ineligible to work in a school with students.

107.  Defendant Legal Prep Charter Academies, by and through their agents and/or employees, knew or should have known of Defendant Helaire-Jones' criminal background during the time of Defendant Helaire-Jones' contact with the students.

108.  Defendant Helaire-Jones' unfitness to work with students proximately caused harm to Z.R.

109.  Defendant Legal Prep Charter Academies' conduct allowed Defendant Helaire-Jones to cause said harm to Z.R.

110.    Based on the Charter School Agreement, Legal Prep policies, and state law, Defendant Legal Prep Charter Academies owed a duty to Z.R.

111.    Defendant Legal Prep Charter Academies breached said duty where it violated the Charter School Agreement by permitting Defendant Helaire-Jones to have contact with students without receiving or adjudicating the results of the Background Check.

112.    Defendant Legal Prep Charter Academies breached said duty where it violated the Charter School Agreement where it failed to follow Sections 10-21.9 and 34-18.5 of the Illinois School Code (105 ILCS 5/10-21.9; 105 ILCS 5/34-18.5) regarding fingerprint-based criminal history records checks and checks of the State Sex Offender Database and the Statewide Murderer and Violent Offender Against Youth Database of applicants for employment.

113.    Defendant Legal Prep Charter Academies breached said duty where it violated the Charter School Agreement where it failed to ensure criminal history checks on all of Defendant Legal Prep Charter Academies prospective and existing employees, agents, contractors, subcontractors, and volunteers who may have contact with students in accordance with the Illinois School Code, 105 ILCS 5/34-18.5; the Sex Offender and Child Murderer Community Notification Law, 730 ILCS 152/101, *et seq.*; and the Murderer and Violent Offender Against Youth Registration Act, 730 ILCS 154/1, *et seq.*

114.    As a direct and proximate result of its negligence, Defendant Legal Prep Charter Academies breached its duty and caused harm to Plaintiff Z.R.

WHEREFORE, Plaintiff respectfully requests:

a.      Compensatory damages in an amount to be determined at trial;

b.      An award of reasonable costs and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

**COUNT VI**
**NEGLIGENCE**
**BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD")**

115.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 114 as paragraph 115 as if restated herein.

116.     Defendant Board, by and through their agents and/or employees, knew or should have known that Defendant Helaire-Jones had a particular unfitness for the position of dean/disciplinarian at Legal Prep so as to create a danger of harm to Z.R.

117.     Defendant Board knew or should have known that Defendant Helaire-Jones possessed a criminal background which included an arrest for kidnaping and attempted sexual assault that made him ineligible to work in a school with students.

118.     Defendant Board, by and through their agents and/or employees, knew or should have known of Defendant Helaire-Jones' criminal background during the time of Defendant Helaire-Jones' contact with the students.

119.     Defendant Helaire-Jones' unfitness to work with students proximately caused harm to Z.R.

120.     Defendant Board's conduct allowed Defendant Helaire-Jones to cause said harm to Z.R.

121.     Based on the Charter School Agreement, internal policies, and state law, Defendant Board owed a duty to Z.R.

122.     Defendant Board breached said duty where it violated the Charter School Agreement by permitting Defendant Helaire-Jones to have contact with students without receiving or adjudicating the results of the Background Check.

123.    Defendant Board breached said duty where it violated the Charter School Agreement where it failed to follow Sections 10-21.9 and 34-18.5 of the Illinois School Code (105 ILCS 5/10-21.9; 105 ILCS 5/34-18.5) regarding fingerprint-based criminal history records checks and checks of the State Sex Offender Database and the Statewide Murderer and Violent Offender Against Youth Database of applicants for employment.

124.    Defendant Board breached said duty where it violated the Charter School Agreement where it failed to ensure criminal history checks on all of Defendant Board prospective and existing employees, agents, contractors, subcontractors, and volunteers who may have contact with students in accordance with the Illinois School Code, 105 ILCS 5/34-18.5; the Sex Offender and Child Murderer Community Notification Law, 730 ILCS 152/101, *et seq.*; and the Murderer and Violent Offender Against Youth Registration Act, 730 ILCS 154/1, *et seq.*

125.    As a direct and proximate result of its negligence, Defendant Board breached its duty and caused harm to Plaintiff Z.R.

WHEREFORE, Plaintiff respectfully requests:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    An award of reasonable costs and litigation expenses; and

    c.    Such other relief as the Court may deem just or equitable.

## COUNT VII
## WILLFUL AND WANTON CONDUCT
## LEGAL PREP CHARTER ACADEMIES

126.    Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 125 as paragraph 126 as if restated herein.

127.    Defendant Legal Prep Charter Academies, by and through their agents and/or employees, knew or should have known that Defendant Helaire-Jones had a particular unfitness for the position of dean/disciplinarian at Legal Prep so as to create a danger of harm to Z.R.

128.    Defendant Legal Prep Charter Academies knew or should have known that Defendant Helaire-Jones possessed a criminal background which included an arrest for kidnaping and attempted sexual assault that made him ineligible to work in a school with students.

129.    Defendant Legal Prep Charter Academies, by and through their agents and/or employees, knew or should have known of Defendant Helaire-Jones' criminal background during the time of Defendant Helaire-Jones' contact with the students.

130.    Defendant Helaire-Jones' unfitness to work with students proximately caused harm to Z.R.

131.    Defendant Legal Prep Charter Academies' conduct allowed Defendant Helaire-Jones to cause said harm to Z.R.

132.    Based on the Charter School Agreement, Legal Prep policies, and state law, Defendant Legal Prep Charter Academies owed a duty to Z.R.

133.    Defendant Legal Prep Charter Academies violated the Charter School Agreement where it permitted Defendant Helaire-Jones to have contact with students without receiving or adjudicating the results of the Background Check.

134.    Defendant Legal Prep Charter Academies violated the Charter School Agreement where it failed to follow Sections 10-21.9 and 34-18.5 of the Illinois School Code (105 ILCS 5/10-21.9; 105 ILCS 5/34-18.5) regarding fingerprint-based criminal history records checks and

checks of the State Sex Offender Database and the Statewide Murderer and Violent Offender Against Youth Database of applicants for employment.

135.    Defendant Legal Prep Charter Academies violated the Charter School Agreement where it failed to ensure criminal history checks on all of Defendant Legal Prep Charter Academies prospective and existing employees, agents, contractors, subcontractors, and volunteers who may have contact with students in accordance with the Illinois School Code, 105 ILCS 5/34-18.5; the Sex Offender and Child Murderer Community Notification Law, 730 ILCS 152/101, *et seq.*; and the Murderer and Violent Offender Against Youth Registration Act, 730 ILCS 154/1, *et seq.*

136.    Defendant Legal Prep Charter Academies, by and through their agents and/or employees, failed to adequately report Defendant Helaire-Jones improper conduct under ANCRA in conscious disregard for Z.R.'s safety.

137.    Defendant Legal Prep Charter Academies breached said duty where it failed to monitor Defendant Helaire-Jones in order prevent the improper grooming and sexual conduct with Plaintiff Z.R. with utter indifference to or in conscious disregard for the safety of others.

138.    Defendant Legal Prep Charter Academies breached said duty where it improperly retained Defendant Helaire-Jones where it knew or should have known of his criminal history and grooming of Z.R. with utter indifference to or in conscious disregard for the safety of others.

139.    Defendant Legal Prep Charter Academies breached said duty where it failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of sexual abuse, including abuse of Plaintiff Z.R. with utter indifference to or in conscious disregard for the safety of others

140. At all times herein, Defendant Legal Prep Charter Academies acted with utter indifference to or in conscious disregard for the safety of others, including Z.R.

141. As a direct and proximate result of its conduct, Defendant Legal Prep Charter Academies caused harm to Plaintiff Z.R.

WHEREFORE, Plaintiff respectfully requests:

    a. Compensatory damages in an amount to be determined at trial;

    b. An award of reasonable costs and litigation expenses; and

    c. Such other relief as the Court may deem just or equitable.

## COUNT VIII
## WILLFUL AND WANTON CONDUCT
## BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD")

142. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 141 as paragraph 142 as if restated herein.

143. Defendant Board, by and through their agents and/or employees, knew or should have known that Defendant Helaire-Jones had a particular unfitness for the position of dean/disciplinarian at Legal Prep so as to create a danger of harm to Z.R.

144. Defendant Board knew or should have known that Defendant Helaire-Jones possessed a criminal background which included an arrest for kidnaping and attempted sexual assault that made him ineligible to work in a school with students.

145. Defendant Board, by and through their agents and/or employees, knew or should have known of Defendant Helaire-Jones' criminal background during the time of Defendant Helaire-Jones' contact with the students.

146. Defendant Helaire-Jones' unfitness to work with students proximately caused harm to Z.R.

23

147.    Defendant Board's conduct allowed Defendant Helaire-Jones to cause said harm to Z.R.

148.    Based on the Charter School Agreement, internal policies, and state law, Defendant Board owed a duty to students, including Z.R. who was a member of the girls' basketball team.

149.    Defendant Board breached said duty where it violated the Charter School Agreement by permitting Defendant Helaire-Jones to have contact with students without receiving or adjudicating the results of the Background Check.

150.    Defendant Board breached said duty where it violated the Charter School Agreement where it failed to follow Sections 10-21.9 and 34-18.5 of the Illinois School Code (105 ILCS 5/10-21.9; 105 ILCS 5/34-18.5) regarding fingerprint-based criminal history records checks and checks of the State Sex Offender Database and the Statewide Murderer and Violent Offender Against Youth Database of applicants for employment.

151.    Defendant Board breached said duty where it violated the Charter School Agreement where it failed to ensure criminal history checks on all of Defendant Board prospective and existing employees, agents, contractors, subcontractors, and volunteers who may have contact with students in accordance with the Illinois School Code, 105 ILCS 5/34-18.5; the Sex Offender and Child Murderer Community Notification Law, 730 ILCS 152/101, *et seq.*; and the Murderer and Violent Offender Against Youth Registration Act, 730 ILCS 154/1, *et seq.*

152.    Defendant Board breached said duty where it failed to monitor Defendant Helaire-Jones in order prevent the improper grooming and sexual conduct with Plaintiff Z.R. with utter indifference to or in conscious disregard for the safety of others.

153.    Defendant Board breached said duty where it improperly retained Defendant Helaire-Jones where it knew or should have known of his criminal history and grooming of Z.R. with utter indifference to or in conscious disregard for the safety of others.

154.    Defendant Board breached said duty where it failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of sexual abuse, including abuse of Plaintiff Z.R. with utter indifference to or in conscious disregard for the safety of others

155.    At all times herein, Defendant Board acted with utter indifference to or in conscious disregard for the safety of others, including Z.R.

156.    As a direct and proximate result of its conduct, Defendant Board caused harm to Plaintiff Z.R.

WHEREFORE, Plaintiff respectfully requests:

a.      Compensatory damages in an amount to be determined at trial;

b.      An award of reasonable costs and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

/s/ James C. Pullos
James C. Pullos

James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St., Suite 3100
Chicago, IL 60602
(312)899-9090
jcp@cliffordlaw.com
*Attorneys for Plaintiff*

25

## <u>CERTIFICATE OF SERVICE</u>

I, James C. Pullos, an attorney, hereby certify that on April 14, 2021 I served
**PLAINTIFF'S SECOND AMENDED COMPLAINT** by causing a true and accurate copy of
such papers to be filed and served on all counsel of record via the Court's CM/ECF electronic
filing system and via regular U.S. Mail to:

Jamel Helaire-Jones
3607 W. Polk Street
Apt. 305
Chicago, IL 60624


/s/ *James C. Pullos*
James C. Pullos
jcp@cliffordlaw.com
CLIFFORD LAW OFFICES
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
312.899.9090